1  MCGREGOR W. SCOTT
   United States Attorney
2  JESSICA A. MASSEY
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              **CASE NO.  1:20-MJ-00115-SAB**

12                        Plaintiff,       STIPULATION TO CONTINUE
                                           PRELIMINARY HEARING AND
13              v.                         EXCLUDE TIME UNDER SPEEDY TRIAL
                                           ACT; AND ORDER
14  REYES DIAZ,
                                           Date scheduled: October 28, 2020
15                        Defendant.       Time: 2:00 p.m.
                                           Court: Honorable Barbara A. McAuliffe
16

17

18       The United States of America, by and through MCGREGOR W. SCOTT, United States

19  Attorney, and JESSICA A. MASSEY, Assistant United States Attorneys, and the defendant, by and

20  through his attorney of record, CHARLES LEE, hereby stipulate and agree as follows:

21       The defendant was charged by criminal complaint in the above-captioned matter on or about

22  October 13, 2020, and taken into custody on the same day.  He made his initial appearance on October

23  14, 2020.  The preliminary hearing in this matter is set for is set for October 28, 2020.

24       By this stipulation, the parties jointly move for an extension of time of the preliminary hearing

25  date to November 5, 2020, at 2:00 p.m., before the duty Magistrate Judge, pursuant to Rule 5.1(d) of the

26  Federal Rules of Criminal Procedure. The parties stipulate that the delay is required to allow the defense

27  reasonable time for preparation, and for the government's continuing investigation of the case. The

28  parties further agree that the interests of justice served by granting this continuance outweigh the best

STIPULATION TO CONTINUE PRELIMINARY HEARING          1

1  interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

2  In light of the ongoing public health crisis related to COVID-19, on May 13, 2020, this Court

3  issued General Order 618, which suspends all jury trials in the Eastern District of California until further

4  notice.  This General Order was entered to address public health concerns related to COVID-19.

5  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. §

6  3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

7  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1,

8  2021.[1]

9  Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an information or indictment charging an

10  individual with the commission of an offense shall be filed within 30 days from the date on which such

11  individual was arrested but "[i]f an individual has been charged with a felony in a district in which no

12  grand jury has been in session during such thirty-day period, the period of time for filing of the

13  indictment shall be extended an additional thirty days".[2]  In addition to this automatic exclusion, the Act

14  excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge

15  granted the continuance on the basis of his findings that the ends of justice served by taking such action

16  outweigh the best interest in the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

17  Under 18 U.S.C. § 3164, an additional speedy-trial requirement applies to a defendant who is (1)

18  "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the

19  attorney for the Government as being 'high risk.'"  18 U.S.C. § 3164(b).  For such defendants, trial

20  "shall commence not later than ninety days following the beginning of such continuous detention or

21  designation of high risk by the attorney for the Government."  *Id.*  Failure to do so shall result in release

22  from custody or "automatic review . . . of the conditions of release."  *Id.*  However, the "periods of delay

23
24  [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

25
26
27
28  [2] This provision should apply to grand juries that remain available but are not sitting.  The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment.  *Jaben v. United States*, 381 U.S. 214, 219 (1964); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of *Jaben* convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice.").  "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]"  *Id.*

STIPULATION TO CONTINUE PRELIMINARY HEARING                 2

1   enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."

2   *Id.*  Accordingly, the ends-of-justice exclusion applies to § 3164's 90-day rule.

3        Although the General Orders and declaration of emergency address the district-wide health

4   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

7   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such

8   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9   (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

10   findings on the record "either orally or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

14   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

16   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

17   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

21   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

23   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

24   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

25   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

26   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

28   by the statutory rules.

STIPULATION TO CONTINUE PRELIMINARY HEARING     3

1      In light of the societal context created by the foregoing, this Court should consider the following

2  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3  justice exception, § 3161(h)(7) (Local Code T4).[3]  If continued, this Court should designate a new date

4  for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5  pretrial continuance must be "specifically limited in time").

6      Due to a lack of quorum of grand jurors, the government was unable to present its case to the

7  grand jury as scheduled on October 22, 2020.  The earliest the government will have another opportunity

8  to present its case to the grand jury is October 29, 2020.

9      The parties further request that time be excluded between October 28, 2020 and November 5,

10  2020 for the following reasons:  defense requires additional time to consult with his client, to review the

11  current charges, to conduct investigation and research related to the charges, to review and/or copy

12  discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and

13  to otherwise prepare for trial.   Defense investigation has been slowed by the inability to review

14  discovery with their clients and communication has been hampered given the conditions at the jail.  The

15  case involves several reports, photographs, and videos (which the government is attempting to collect

16  from Fresno Police Department).  The drug testing is not yet finished.  In addition, the public health

17  concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and

18  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case

19  because counsel or other relevant individuals have been encouraged to telework and minimize personal

20  contact to the greatest extent possible.

21      The parties further believe that time should be excluded, in that failure to grant the requested

22  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

23  both the defendants and the government the reasonable time necessary for effective preparation, taking

24  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

25  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

26

27      [3] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

28

STIPULATION TO CONTINUE PRELIMINARY HEARING      4

1  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

2  Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from

3  calculations under the Speedy Trial Act.

4       In light of the societal context created by the foregoing, this Court should consider the following

5  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

6  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

7  for the Preliminary Hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

8  pretrial continuance must be "specifically limited in time").

9                                        **STIPULATION**

10      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

11  through defendant's counsel of record, hereby stipulate as follows:

12      1.       By previous order, this matter was set for preliminary hearing on October 28, 2020.

13      2.       Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into

14  account the public interest in the prompt disposition of criminal cases, good cause exists to continue the

15  preliminary hearing date to November 5, 2020.

16      3.       The case agent is unable to appear before the grand jury to present testimony regarding

17  this matter until October 29, 2020, at the earliest. Failure to grant a continuance in this matter would

18  likely make a continuation of the proceeding impossible or result in a miscarriage of justice, and the

19  ends of justice served by a continuance in this case therefore outweigh the best interests of the public

20  and defendant in a speedy trial.

21      4.       In addition, the ends of justice served by a continuance outweigh the best interests of the

22  defendant and the public in a speedy trial because failure to grant a continuance would:

23              a)      likely result in a miscarriage of justice;

24              b)      deny counsel for the defendant and the government the reasonable time necessary

25          for effective preparation, taking into account the exercise of due diligence.

26              c)      The discovery associated with this case includes many videos, photos, and reports

27          and the government will provide such discovery to the defense so that counsel may commence

28          its investigation into the charges and consult with his client;

STIPULATION TO CONTINUE PRELIMINARY HEARING            5

1       d)  Counsel for defendant desires additional time to review discovery and to confer

2    with his client regarding a potential resolution of this matter.

3       e)  Counsel for the parties believe that failure to grant the above-requested

4    continuance would deny them the reasonable time necessary for effective preparation, taking into

5    account the exercise of due diligence;

6       f)  In addition to the public health concerns cited by General Order 611 and

7    presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

8    this case because counsel or other relevant individuals have been encouraged to telework and

9    minimize personal contact to the greatest extent possible.

10     5.  Based on the above-stated findings, the ends of justice served by continuing the case as

11   requested outweigh the interest of the public and the defendant in a trial within the original date

12   prescribed by the Speedy Trial Act.

13     6.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

14   within which trial and indictment must commence, the time period of October 28, 2020, and November

15   5, 2020 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

16   because it results from a continuance granted by the Court at defendant's request on the basis of the

17   Court's finding that the ends of justice served by taking such action outweigh the best interest of the

18   public and the defendant in a speedy trial

19     7.  Therefore, the parties agree that time should be excluded from computation under the

20   Speedy Trial Act under 18 U.S.C. § 3161(h)(7).

21     ACCORDINGLY, the parties respectfully ask the Court to find that:

22     Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the

23   public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary

24   hearing date to November 5, 2020.

25     The ends of justice served by a continuance outweigh the best interests of the public and the

26   defendant in a speedy trial, and the period of time from October 28, 2020 to and including November 5,

27   2020, constitutes a period of delay that shall be excluded in computing the time within which an

28   information or an indictment must be filed and within which trial must begin pursuant to 18 U.S.C. §

STIPULATION TO CONTINUE PRELIMINARY HEARING

6

1  3161(h)(7).

2      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy

3  Trial Act dictate that additional time periods are excludable from the period within which a trial must

4  commence.

5      IT IS SO STIPULATED.

6  DATED: October 26, 2020                    MCGREGOR W. SCOTT
                                            United States Attorney
7

8                                           /s/ *Jessica A. Massey*
                                            JESSICA A. MASSEY
9                                           Assistant United States Attorney

10

11  DATED:  October 26, 2020                 */s/ Charles Lee*
                                            CHARLES LEE
12                                          Attorney for Defendant Reyes Diaz

13

14

15                                    **ORDER**

16      Based upon the facts set forth above, the records of this case, the representations of

17  counsel, and the stipulation of the parties,

18      IT IS THE FINDING OF THIS COURT that:

19      Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the

20  public interest in the prompt disposition of criminal cases, there is good cause to extend the time limit

21  for holding a preliminary hearing until November 5, 2020.

22      The ends of justice served by the schedule set forth herein as requested outweigh the interest of

23  the public and the defendants in a either an indictment or a trial within the original date prescribed by

24  the Speedy Trial Act for the reasons stated in the parties' stipulation.

25      IT IS HEREBY ORDERED that the preliminary hearing in this case be continued from October

26  28, 2020, to **November 5, 2020 at 2:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

27      IT IS FURTHER ORDERED THAT for the purpose of computing time under the Speedy Trial

28  Act, 18 U.S.C. § 3161(b) and 3164, within which an indictment must be returned and trial must

STIPULATION TO CONTINUE PRELIMINARY HEARING          7

commence, the time period of October 28, 2020, until November 5, 2020, inclusive, is deemed

excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by

the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 27, 2020**          /s/ *Barbara A. McAuliffe*  _
                                        UNITED STATES MAGISTRATE JUDGE