PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>REYES DIAZ,<br><br>                Defendant. | CASE NO. 1:20-CR-00194-NONE-SKO-1<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: March 2, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

      This case is set for status conference on March 2, 2022. The parties apologize to the Court for this delayed filing; counsel were unable to successfully communicate regarding this case until today's date.

      On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and other

1  General Orders were entered to address public health concerns related to COVID-19 (for example,
2  General Order 614—recently extended by General Order 640).

3  Although the General Orders address the district-wide health concern, the Supreme Court has
4  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
5  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
6  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
7  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
8  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
9  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
10 or in writing").

11 Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
12 and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
13 justice continuances are excludable only if "the judge granted such continuance on the basis of his
14 findings that the ends of justice served by taking such action outweigh the best interest of the public and
15 the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
16 unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
17 the ends of justice served by the granting of such continuance outweigh the best interests of the public
18 and the defendant in a speedy trial." *Id.*

19 The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
20 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
21 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
22 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
23 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
24 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
25 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
26 September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a
27 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.
28 In light of the societal context created by the foregoing, this Court should consider the following

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and REYES DIAZ, by and through defendant's counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status on March 2, 2022.

2.  By this stipulation, defendant now moves to continue the status conference until June 1, 2022, and to exclude time between March 2, 2022, and June 1, 2022, under Local Code T4.

3.  While the parties anticipate that the case may resolve without a trial, this is not yet a certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

   a)  The government asserts the discovery associated with this case includes reports, photographs, and recordings.  The government asserts that discovery has been provided to counsel. The government is aware of its ongoing discovery obligations.

   b)  The government is amendable to providing a plea offer in this case.

   c)  Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

   d)  Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e)  The government does not object to the continuance.

   f)  Based on the above-stated findings, the ends of justice served by continuing the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 2, 2022 to June 1, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 28, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

Dated:  February 28, 2022

/s/ NICHOLAS F. REYES
NICHOLAS F. REYES
Counsel for Defendant
REYES DIAZ

**ORDER**

IT IS SO ORDERED.

DATED: 2/28/2022

*/s/ Sheila K. Oberto*
Hon. Sheila K. Oberto
U.S. Magistrate Judge