PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>         v.<br><br>REYES DIAZ,<br><br>                             Defendant. | CASE NO. 1:20-CR-00194-JLT -SKO-1<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

On July 24, 2023, the parties appeared before the Honorable Jennifer L. Thurston to litigate motions filed in this case. ECF 66. The parties are awaiting a ruling from Judge Thurston. While the parties await Judge Thurston's ruling, the parties request a status conference be scheduled in this case on September 20, 2023, at 1:00 pm and that time excluded since motions are pending before the Court.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*  Finally, 18 U.S.C. § 3161(h)(1)(A)(D) excludes time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and REYES DIAZ, by and through defendant's counsel of record, hereby stipulate as follows:

1. The defense filed a motion to suppress on June 26, 2023. ECF 57. The United States opposed the motion and the defendant replied to the United States' opposition. ECF 58 and ECF 59. The United States filed supplemental exhibits and a surreply. ECF 60 and ECF 63. The parties appeared on July 24, 2023, before the Honorable Jennifer L. Thurston to litigate the motions filed by the defendant. ECF 66.

2. By this stipulation, defendant now moves to schedule a status conference on September 20, 2023, and to exclude time between July 24, 2023, and September 20, 2023, under Local Code T4 and because motions are currently pending before the Court for disposition.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty.  Largely, plea resolution of this case will depend on the rulings from the Court on the above motions. If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

   a) The government asserts the discovery associated with this case includes reports,

photographs, and recordings. The government asserts that discovery has been provided to counsel. The government is aware of its ongoing discovery obligations.

   b) Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 24, 2023 to September 20, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(A)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because motions are before the Court and it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 31, 2023          PHILLIP A. TALBERT
                   United States Attorney

                   /s/ ARIN C. HEINZ
                   ARIN C. HEINZ
                   Assistant United States Attorney

Dated: July 31, 2023

/s/ NICHOLAS F. REYES
NICHOLAS F. REYES
Counsel for Defendant
REYES DIAZ

## ORDER

The parties' request for a status conference on September 20, 2023, GRANTED.  Time shall be excluded through September 20, 2023, for the reasons set forth in the parties' stipulation.

The parties shall be prepared to select a mutually agreeable trial date following the ruling of the Motion to Suppress, if appropriate.

IT IS SO ORDERED.

Dated:   **August 4, 2023**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE