PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00194-SKO-JLT |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO VACATE STATUS CONFERENCE AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT; |
| v. | |
| REYES DIAZ, | DATE: September 20, 2023 |
| Defendant. | TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

**BACKGROUND**

This case is set for a status conference on September 20, 2023. This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on September 20, 2023.

2. By this stipulation, defendant now moves to vacate the status conference and schedule the case for trial on March 19, 2024, and to exclude time between September 20, 2023, and March 19, 2024,

under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case includes 5.34 gigabytes of discovery including investigative reports, audio and video footage, and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to consult with his client, review the current charges, review discovery, and to conduct investigation related to the charges.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government and the defense counsel litigated a motion to suppress in this case that would have been case dispositive if granted. On August 8, 2023, Judge Thurston denied the defendant's motion to suppress.

e) Thereafter, the parties have engaged in plea negotiations but have not been able to resolve the case. The parties will continue to engage in good faith discussions and believe this case may be resolved short of trial.

f) The defense counsel requires additional time to investigate the allegations in light of the Court's recent denial of the motion to suppress. Additionally, the defense counsel requires additional time to discuss plea terms with his client.

g) The government does not object to the continuance.

h) The parties request trial be scheduled for March 19, 2024, with a trial confirmation hearing scheduled for March 5, 2024. Based on the schedule of the parties, this is the earliest available date the parties are available for trial.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of September 20, 2023 to October 11, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 17, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ARIN C. HEINZ
ARIN C. HEINZ
Assistant United States Attorney

Dated:  September 17, 2023

/s/ NICK REYES
NICK REYES
Counsel for Defendant
REYES DIAZ

**ORDER**

IT IS SO ORDERED.

DATED:  9/18/2023

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3